JOHN H. DONBOLI (SBN: 205218)
E-mail: jdonboli@delmarlawgroup.com
JL SEAN SLATTERY (SBN: 210965)
E-mail: sslattery@delmarlawgroup.com
DEL MAR LAW GROUP, LLP
12250 El Camino Real, Suite 120
San Diego, CA 92130
Telephone:  (858) 793-6244
Facsimile:   (858) 793-6005

Attorneys for Plaintiff:  LOUISE CLARK, an individual and on behalf
of all others similarly situated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE CLARK, an individual and on behalf of all others similarly situated, <br><br>             Plaintiff, <br><br>         vs. <br><br> CITIZENS OF HUMANITY, LLC, a Delaware Limited Liability Company; MACY'S, INC., a Delaware Corporation; and DOES 1 through 100, inclusive, <br><br>             Defendants. | **CASE NO.  '14CV1404 JLS  WVG** <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br><br> (1)  VIOLATION OF CONSUMERS LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE SECTION 1750 ET SEQ.); <br><br> (2)  VIOLATION OF BUSINESS & PROFESSIONS CODE SECTIONS 17200 *ET SEQ.* (CALIFORNIA UNFAIR COMPETITION LAW); AND <br><br> (3)  VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17533.7 (CALIFORNIA FALSE "MADE IN USA" CLAIM). <br><br> **DEMAND FOR JURY TRIAL** <br> **[FRCP 38]** |

1

COMPLAINT

1  COMES NOW, plaintiff LOUISE CLARK ("Plaintiff"), as an individual and
2  on behalf of the general public and all others similarly situated, by her undersigned
3  attorneys, alleges as follows:

4  ## NATURE OF THE CASE

5  1.  This is a putative class action case brought on behalf of all purchasers
6  of "Made in the U.S.A." labeled apparel products manufactured, distributed,
7  marketed, and/or sold by defendants Citizens of Humanity, LLC ("COH") in
8  California.  The unlawfully labeled COH apparel products are sold in various
9  stores in California, including Macy's, Inc. ("Macy's").[1]  COH, Macy's, and the
10  DOE defendants are collectively hereinafter referred to as the "Defendants."
11  Through an unlawful, deceptive and unfair course of conduct, Defendants
12  manufactured, marketed, and/or sold to California consumers a variety of COH
13  apparel products with the false designation and representation that the COH
14  apparel was "Made in the U.S.A."

15  2.  As stated by the California Supreme Court in *Kwikset v. Superior*
16  *Court* (January 27, 2011) 51 Cal.4th 310, 328-29:

17  > **Simply stated: labels matter**. The marketing industry is
18  > based on the premise that labels matter, that consumers
19  > will choose one product over another similar product
20  > based on its label and various tangible and intangible
21  > qualities they may come to associate with a particular
22  > source. . . . In particular, **to some consumers**, the "Made
23  > in U.S.A." label matters. A range of motivations may fuel
24  > this preference, from the desire to support domestic jobs,
25  > to beliefs about quality, to concerns about overseas
26  > environmental or labor conditions, to simple patriotism.
27  > The Legislature has recognized the materiality of this
28  > representation by specifically outlawing deceptive and
29  > fraudulent "Made in America" representations. (§17533.7;

27  ---
[1]  Plaintiff purchased the mislabeled COH apparel product, which in part is the
28  subject matter of this lawsuit, from a San Diego Macy's store.

COMPLAINT

> see also Civ.Code, §1770, subd. (a)(4) [prohibiting deceptive representations of geographic origin].) The object of section 17533.7 "is to protect consumers from being misled when they purchase products in the belief that they are advancing the interests of the United States and its industries and workers . . . ."

3.     The "Made in the U.S.A." claim is prominently printed on the apparel products themselves.[2]  The offending apparel products, however, are substantially made, manufactured, or produced from <u>component parts</u> that are manufactured *outside of the United States* in violation of California law and/or federal law.

4.     On information and belief, major components of the apparel products, including but not limited to the fabric, thread, buttons, subcomponents of the zipper assembly, and/or rivets are manufactured *outside of the United States*.

## PARTIES

5.     Plaintiff is an individual residing in San Diego, California.

6.     Defendant Citizens of Humanity, LLC is a limited liability company that is organized and exists under the laws of the State of Delaware.  COH may be served with process in this matter by serving its registered agent for service of process as follows:  National Registered Agents, Inc., 2875 Michelle Drive, Irvine, CA 92606.

7.     COH is a leading designer and manufacturer of denim jean products. On information and belief, COH designs, markets, and produces more than one million pairs of jeans annually.  COH is distributed in over 1,300 retailers in more than 35 countries including high-end specialty boutiques such as Curve, Fred Segal, Scoop, Madison, and Anthropologie; online at Shopbop.com and MyTheresa.com; as well as in

---

[2]     Plaintiff intends to seek class wide relief on behalf of all California purchasers of <u>any</u> COH apparel product labeled as "Made in the U.S.A." that incorporated foreign-made component parts (in violation of California and/or federal law) and not just the specific brand of jeans purchased by Plaintiff.

COMPLAINT

1  luxury department stores Barneys New York, Bergdorf Goodman,
2  Neiman Marcus and Bloomingdale's.  One of the products COH manufacturers
3  and sells in California (either directly or through California retailers) is the
4  "BOYFRIEND" brand of jeans purchased by Plaintiff at a San Diego Macy's store on
5  or about May 31, 2014.

6      8.     Defendant Macy's, Inc. (hereinafter "Macy's") is a Delaware
7  corporation doing business under and by virtue of the laws of the State of
8  California.  Macy's principal place of business is 7 West Seventh Street,
9  Cincinnati, OH 45202.  Macy's may be served with process in this matter by
10  serving its registered agent for service of process at:  Corporation Service
11  Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

12      9.     Macy's is a high-end fashion retailer that offers apparel, shoes,
13  cosmetics, and accessories for women, men, and children in the United States.

14      10.    Plaintiff is ignorant of the true names and capacities of the defendants
15  sued herein as DOES 1-100, inclusive; therefore, Plaintiff sues these defendants by
16  such fictitious names.  Plaintiff is informed and believes that each of the fictitious
17  named defendants are legally responsible in some manner for the occurrences
18  herein alleged, assisted in and about the wrongs complained herein by providing
19  financial support, advice, resources, or other assistance.  Plaintiff will amend the
20  complaint to allege their true names and capacities when ascertained.

21      11.    Plaintiff is informed and believes that all defendants were agents,
22  servants, and employees of their co-defendants, and in doing the things hereinafter
23  mentioned, were acting within the scope of their authority as such agents, servants,
24  and employees with the permission and consent of their co-defendants.

25                      **JURISDICTION AND VENUE**

26      12.    This Court has jurisdiction over this matter pursuant to CAFA because
27  the amount in controversy in this matter exceeds $5,000,000.00 as to all Class

28

COMPLAINT

1  Members, inclusive of attorneys' fees and costs, and injunctive relief.  28 U.S.C.

2  Sections 1332(d), 1453, and 1711-1715.

3       13.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)

4  and 1391(c) in that this is the judicial district in which a substantial part of the acts

5  and omissions giving rise to the claims occurred.

6       **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

7       14.    Plaintiff realleges and incorporates herein by reference all of the

8  allegations contained in Paragraphs 1 through 13, inclusive, of this complaint as

9  though fully set forth herein.

10      15.    Defendants manufacture, market, and/or sell COH apparel products

11  that have printed on the product itself and the product packaging that the products

12  are "Made in the U.S.A."

13      16.    Contrary to the representation, the COH apparel products are

14  substantially and/or partially made, manufactured, or produced with <u>component</u>

15  <u>parts</u> that are manufactured *outside of the United States*.  Based upon information

16  and belief, the foreign component parts included in the BOYFRIEND jeans (and

17  presumably all other offending COH apparel products) are the fabric, thread,

18  buttons, and/or rivets.  For other models of jeans, Plaintiff is informed and believes

19  that the fabric, thread, buttons, rivets, and/or certain subcomponents of the zipper

20  assembly are made outside of the United States as well.

21      17.    Defendants market, and continue to market, and represent to the

22  general public that COH apparel products are "Made in the U.S.A."  In addition,

23  Defendants fraudulently concealed the material facts at issue herein by failing to

24  disclose 100% of the truth to the California general public regarding the country of

25  origin of COH apparel products.  The disclosure of this information was necessary

26  in order to make Defendants' representation not misleading.  Defendants possess

27  superior knowledge of the true facts which were not disclosed, thereby tolling the

28  running of any applicable statute of limitations.

1    18.    Consumers are particularly vulnerable to these deceptive and

2  fraudulent practices.  Most consumers possess very limited knowledge of the

3  likelihood that products, including the component parts therein, claimed to be

4  made in the United States are in fact made in foreign countries.  This is a material

5  factor in many individuals' purchasing decisions, as they believe they are

6  supporting American companies and American jobs.

7    19.    Consumers generally believe that "Made in the U.S.A." products are

8  of higher quality than their foreign-manufactured counterparts.  Due to

9  Defendants' scheme to defraud the market, members of the general public were

10  fraudulently induced to purchase Defendants' products at inflated prices.  On

11  information and belief, and during the entirety of the relevant four-year statutory

12  time period, Defendants charged excess monies for COH apparel products, in

13  comparison to their competitors, based on the false "Made in the U.S.A."

14  designation.  California and federal laws are designed to protect consumers from

15  this type of false representation and predatory conduct.  Defendants' scheme to

16  defraud consumers is ongoing and will victimize consumers each and every day

17  until altered by judicial intervention.

18                          **THE PLAINTIFF TRANSACTION**

19    20.    On or about May 31, 2014, Plaintiff purchased the BOYFRIEND brand

20  jeans at a Macy's store in San Diego.  At the time of purchase, the product itself

21  was marked with a "Made in the U.S.A." country of origin designation when the

22  product actually contains component parts made outside of the United States.

23  Accordingly, Defendants are not entitled to lawfully make a "Made in the U.S.A."

24  representation on the product.

25    21.    In each case when Plaintiff, and Class Members, purchased a Class

26  Product[3], they relied upon Defendants' "Made in the U.S.A." representation in

27  _____

28  [3]    The term "Class Products" is defined as any COH manufactured or labeled
product that was sold in California during the past four years with a "Made in the
U.S.A" or equivalent country of origin label but that incorporated foreign-made

COMPLAINT

1  their purchasing decision, which is typical of most U.S. consumers, and they were

2  deceived as a result of Defendants' actions.  These purchasing decisions were

3  supported by the "Made in the U.S.A." representation made by Defendants, which

4  is absent from most of Defendants' competitors.  Plaintiff believed at the time she

5  purchased the BOYFRIEND jeans that she was supporting U.S. jobs and the U.S.

6  economy.

7      22.    Plaintiff suffered an "injury in fact" because Plaintiff's money was

8  taken by Defendants as a result of Defendants' false "Made in the U.S.A." claims

9  set forth on the BOYFRIEND jeans.  Furthermore, she suffered an "injury in fact" by

10  paying for something she believed was genuinely manufactured in the USA, when

11  it was not.

12      23.    U.S. made component parts are subject to strict regulatory

13  requirements, such as environmental, labor, and safety standards.  Foreign made

14  component parts are not subject to the same U.S. manufacturing standards and are

15  often inherently of lower quality than their U.S. made counterparts.  Foreign made

16  component parts are also routinely less reliable and durable than their U.S. made

17  counterparts.  As such, the BOYFRIEND brand of jeans are of inferior quality due to

18  COH's decision to include foreign made component parts within.

19      24.    As such, and on information and belief, the offending COH apparel

20  products, made with foreign-made component parts, are of inferior quality, less

21  reliable, and fail more often than if the product was truly made from 100%

22  American made component parts.  Essentially, the BOYFRIEND brand of jeans are

23  not worth the purchase price paid.  The precise amount of damages will be proven

24  at time of trial, in large part, by expert testimony.

25      25.    Plaintiff and Class Members were undoubtedly injured as a result of

26  Defendants' false "Made in the U.S.A." representations that are at issue in this

27  litigation.

28  _____
    component parts.

## CLASS ALLEGATIONS

26.    Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1 through 25, inclusive, of this complaint as though fully set forth herein.

27.    Plaintiff brings this action, as set forth below, against Defendants, pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), individually and on behalf of a class consisting of all persons in the United States who purchased one or more of Defendants' COH apparel products during the relevant four-year statutory time period that bore a "Made in the U.S.A." country of origin designation but that contained foreign-made component parts (the "Class").  Excluded from the Class are the Court and its employees; Defendants; any parent, subsidiary, or affiliate of Defendants; and all employees and directors who are or have been employed by Defendants during the relevant time period.

**Definition of the Subclass**

28.    Subclass members are all of Defendants' California customers who purchased COH apparel products that were labeled as "MADE IN U.S.A. OF IMPORTED FABRIC" that contained foreign-made component parts beyond the fabric (e.g., rivets, thread, buttons, and/or subcomponents of the zipper assembly) during the relevant four-year statutory time period (hereinafter the "Sub-Class Products").

**Class Action Requirements**

29.    The numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied for each of the foregoing Classes because the members of each Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. Plaintiff currently believes that there are hundreds of thousands of members of each Class located in the State of California.

1    30.    Common questions of fact and law exist here, satisfying the
2  requirement of Rule 23(a)(2), including but not limited to:

       a.    whether Defendants participated in, or committed the
3            wrongful conduct alleged herein;
4
5      b.    whether Defendants' acts, transactions, or course of
6            conduct constitute the violations of law alleged herein;
7      c.    whether the members of the Class and the Sub-Class
8            sustained and/or continue to sustain damages by reason of
9            Defendants' conduct, and, if so, the proper measure and
10           appropriate formula to be applied in determining such damages;
11           and
12     f.    whether the members of the Class and the Sub-Class are
13           entitled to injunctive or other equitable relief.

14    31.    Plaintiff's claims are typical of the claims of all other members of the
15  Class and the Sub-Class and involve the same violations of law by Defendants as
16  other Class members' claims.  Plaintiff and members of the Class and Sub-Class
17  also sustained damages arising out of Defendants' common course of conduct
18  complained herein.  Accordingly, Plaintiff satisfies the "typicality" requirements of
19  Fed. R. Civ. P. 23(a)(3) with respect to the Class and Sub-Class.

20    32.    Plaintiff will fairly and adequately protect the interests of the other
21  members of the Class and Sub-Class, and has no interests that are antagonistic to or
22  which conflict with those of the other members of those Classes.  Plaintiff is
23  committed to the vigorous prosecution of this action and has retained competent
24  counsel experienced in litigation of this nature to represent her and the other
25  members of the Class and Sub-Class; as such, the requirements of Rule 23(a)(4)
26  are satisfied.

27    33.    Absent a representative class action, members of the Class and the
28  Sub-Class would continue to suffer the harm described herein, for which they

1   would have no remedy.  Even if separate actions could be brought by individual
2   purchasers, the resulting multiplicity of lawsuits would cause undue hardship and
3   expense for both the Court and the litigants, as well as create a risk of inconsistent
4   rulings and adjudications that might be dispositive of the interests of similarly
5   situated purchasers, substantially impeding their ability to protect their interests,
6   while establishing incompatible standards of conduct for Defendants.  The
7   proposed Class, and, respectively, the members of the Sub-Class, thus satisfy the
8   requirements of Fed. R. Civ. P. 23(b)(1).

9          34.    Defendants acted or refused to act on grounds generally applicable to
10  Plaintiff and the other members of the Class, and, respectively, the members of the
11  Sub-Class, thereby rendering class certification and injunctive relief with respect to
12  the Class as a whole and the Sub-Class appropriate. Certification under Fed. R.
13  Civ. P. 23(b)(2) is proper in this regard.

14         35.    As discussed above, numerous common questions of fact and law
15  exist.  These questions predominate over the individual questions presented in this
16  action.  The predominance requirement of Rule 23(b)(3) is thus satisfied.

17         36.    A class action is the superior method for the fair and efficient
18  adjudication of this controversy, because joinder of all members of the Class, and,
19  respectively, the Sub-Class, is impracticable.  Because the damages suffered by
20  individual members of the Class, and, respectively, the Sub-Class, may be
21  relatively small, the expense and burden of litigation would prevent class members
22  from individually redressing the wrongs done to them.  Where, as here, the size
23  and nature of individual Class members' claims would allow few, if any, members
24  of those Classes to seek legal redress against Defendants for the wrongs
25  complained of herein, a representative class action is both the appropriate vehicle
26  by which to adjudicate these claims and is essential to the interests of justice.
27  Furthermore, a class action regarding the issues in this action creates no significant
28

COMPLAINT

1 | problems of manageability. The superiority and manageability requirements of
2 | Rule 23(b)(3) are thus satisfied.

3 | **FIRST CLAIM FOR RELIEF**

4 | **(Violation of California Consumers Legal Remedies Act Against All**
5 | **Defendants)**

6 |     37.    Plaintiff realleges and incorporates herein by reference all of the
7 | allegations contained in Paragraphs 1 through 36, inclusive, of this complaint as
8 | though fully set forth herein.

9 |     38.    California Civil Code Section 1750 *et seq.* (entitled the Consumers
10 | Legal Remedies Act) provides a list of "unfair or deceptive" practices in a
11 | "transaction" relating to the sale of "goods" or "services" to a "consumer." The
12 | Legislature's intent in promulgating the Consumers Legal Remedies Act is
13 | expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are
14 | to be:

15 |     [C]onstrued liberally and applied to promote its underlying
16 |     purposes, which are to protect consumers against unfair and
   |     deceptive business practices and to provide efficient and
17 |     economical procedures to secure such protection.

18 |     39.    COH apparel products constituted "goods" as defined in Civil Code
19 | Section 1761(a).

20 |     40.    Plaintiff, and Class members, are each a "Consumer" as defined in
21 | Civil Code Section 1761(d).

22 |     41.    Each of Plaintiff's and Class members' purchases of COH apparel
23 | products constituted a "transaction" as defined in Civil Code Section 1761(e).

24 |     42.    Civil Code Section 1770(a)(4) and (9) provides that "[t]he following
25 | unfair methods of competition and unfair or deceptive acts or practices undertaken
26 | by any person in a transaction intended to result or which results in the sale or
27 | lease of goods or services to any consumer are unlawful:  Using deceptive
28 | representations or designations of geographic origin in connection with goods or

COMPLAINT

1   services [and] [a]dvertising goods or services with intent not to sell them as
2   advertised."

3       43.     Defendants violated Civil Code Section 1770(a)(4) and (9) by
4   marketing and representing that their COH apparel products are "Made in the
5   U.S.A." when they actually contain component parts that are manufactured outside
6   of the United States.

7       44.     It is alleged on information and belief that Defendant's violations of
8   the Consumer's Legal Remedies Act set forth herein were done with awareness of
9   the fact that the conduct alleged was wrongful and were motivated solely for
10  increased profit.  It is also alleged on information and belief that Defendants did
11  these acts knowing the harm that would result to Plaintiff and that Defendants did
12  these acts notwithstanding that knowledge.

13      45.     As a direct and proximate result of Defendants' violations of the
14  Consumers Legal Remedies Act, Plaintiff and Class members are entitled to the
15  following remedies as against Defendants:  (a) a declaration that Defendants
16  violated the Consumers Legal Remedies Act, and (b) an injunction preventing
17  Defendants' unlawful actions.

18      46.     Plaintiff suffered an "injury in fact" because Plaintiff's money was
19  taken by Defendants as a result of Defendants' false "Made in the U.S.A." claims
20  set forth on the COH apparel products.

21                        **SECOND CLAIM FOR RELIEF**
22      **(Violation of Business & Prof. Code Section 17200 *Et Seq*. Against All**
23                                **Defendants)**

24      47.     Plaintiff realleges and incorporates herein by reference all of the
25  allegations contained in Paragraphs 1 through 46, inclusive, of this complaint as
26  though fully set forth herein.

27
28

1    48.    Business & Professions Code section 17200 *et seq.* provides that

2  unfair competition means and includes "any unlawful, unfair or fraudulent business

3  act or practice and unfair, deceptive, untrue or misleading marketing."

4    49.    By and through their conduct, including the conduct detailed above,

5  Defendants engaged in activities which constitute unlawful, unfair, and fraudulent

6  business practices prohibited by Business & Professions Code Section 17200 *et*

7  *seq.* Beginning at an exact date unknown as yet and continuing up through the

8  present, Defendants committed acts of unfair competition, including those

9  described above, by engaging in a pattern of "unlawful" business practices, within

10  the meaning of Business & Professions Code Section 17200 *et seq.*, by

11  manufacturing, distributing, and marketing COH apparel products with a false

12  country of origin designation and violating Section 17533.7 by falsely claiming

13  that the products referenced herein are "Made in U.S.A." when they actually

14  contain component parts manufactured *outside of the United States.*

15    50.    Beginning at an exact date unknown as yet and continuing up through

16  the present, Defendants committed acts of unfair competition that are prohibited by

17  Business and Professions Code section 17200 *et seq.* Defendants engaged in a

18  pattern of "unfair" business practices that violate the wording and intent of the

19  statutes, by engaging in practices that threaten an incipient violation of law or

20  violate the policy or spirit of laws because their effects are comparable to or the

21  same as a violation of the law by manufacturing, distributing, and marketing their

22  COH apparel products with a false country of origin designation, and by violating

23  Section 17533.7 by falsely claiming that their COH apparel products referenced

24  herein are "Made in the U.S.A." when they actually contain component parts

25  manufactured outside of the United States.

26    51.    Alternatively, Defendants engaged in a pattern of "unfair" business

27  practices that violate the wording and intent of the statutes, by engaging in

28  practices that are immoral, unethical, oppressive or unscrupulous, the utility (if

COMPLAINT

any) of which conduct is far outweighed by the harm done to consumers and public policy by manufacturing, distributing, marketing, and advertising COH apparel products with the false claim that the products referenced herein are "Made in the U.S.A."

52.     Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices, including manufacturing, distributing, marketing, and advertising COH apparel products with the false claim that the products referenced herein are "Made in the U.S.A.," wherein:  (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was of the kind that the consumers themselves could not reasonably have avoided.

53.     Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition, including those described above, prohibited by Business and Professions Code section 17200 *et seq.* by engaging in a pattern of "fraudulent" business practices within the meaning of Business & Professions Code section 17200 *et seq.*, by manufacturing, distributing, and marketing COH apparel products with a false country of origin designation and violating Section 17533.7 by falsely claiming that the products referenced herein are "Made in U.S.A."

54.     Defendant engaged in these unlawful, unfair, and fraudulent business practices for the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendants.

55.     As a result of the repeated violations described herein, Defendants received and continue to receive unearned commercial benefits at the expense of their competitors and the public.

COMPLAINT

1    56.    Defendants' unlawful, unfair, and fraudulent business practices

2    presents a continuing threat to the public in that Defendants continues to engage in

3    unlawful conduct.

4    57.    Such acts and omissions are unlawful and/or unfair and/or fraudulent

5    and constitute a violation of Business & Professions Code section 17200 *et seq.*

6    Plaintiff reserves the right to identify additional violations by Defendants as may

7    be established through discovery.

8    58.    As a direct and legal result of their unlawful, unfair, and fraudulent

9    conduct described herein, Defendants have been and will be unjustly enriched by

10   the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly

11   provided money to Defendants based on Defendants' fraudulent country of origin

12   designation.

13   59.    Plaintiff suffered an "injury in fact" because Plaintiff's money was

14   taken by Defendants as a result of Defendants' false "Made in the U.S.A." claims

15   set forth on the COH apparel products.

16   60.    In prosecuting this action for the enforcement of important rights

17   affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which

18   is available to a prevailing plaintiff in class action cases such as this.

19   **THIRD CLAIM FOR RELIEF**

20   **(Violation of Business & Professions Code § 17533.7 Against All Defendants)**

21   61.    Plaintiff realleges and incorporates herein by reference all of the

22   allegations contained in Paragraphs 1 through 60, inclusive, of this complaint as

23   though fully set forth herein.

24   62.    Business & Professions Code Section 17533.7 provides:

25           It is unlawful for any person, firm, corporation or
26           association to sell or offer for sale in this State any
             merchandise on which merchandise or on its container
27           there appears the words "Made in U.S.A." "Made in
             America," "U.S.A.," or similar words when the
28

15

COMPLAINT

1
2
3

     merchandise or **any article, unit, or part thereof,** has been entirely or substantially made, manufactured, or produced outside of the United States. (Emphasis added).

4
5
6
7
8
9

    63.    Defendants (both COH and Macy's) violated Business & Professions Code Section 17533.7 by selling and offering to sell merchandise in the State of California with the "Made in the U.S.A." country of origin designation as fully set forth herein. The merchandise at issue in this case actually contains <u>component parts</u> that are manufactured outside of the United States in violation of California and federal law.

10
11
12
13
14
15

    64.    It is alleged on information and belief that Defendants' violations of Business & Professions Code Section 17533.7 were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit. It is also alleged on information and belief that Defendants did these acts knowing the harm that would result to Plaintiff and that Defendants did these acts notwithstanding that knowledge.

16
17
18
19
20

    65.    As a direct and proximate result of Defendants' violations of Business & Professions Code Section 17533.7, Plaintiff and Class members are entitled to restitution of excess monies paid to Defendants by Plaintiff and Class members relating to the false "Made in the U.S.A." claims on Defendants' COH apparel products.

21
22
23

    66.    Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false "Made in the U.S.A." claims set forth on the COH apparel products.

24
25
26

    67.    In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this.

27

## PRAYER

28

    WHEREFORE, Plaintiffs, on behalf of themselves, collectively on behalf of

the Class, and respectively on behalf of the Sub-Class, respectfully request the following relief:

1.     That the Court determine that this action may be maintained as a class action by certifying this case as a California class action as to both the Class and Sub-Class;

2.     That the Court certify Plaintiff to serve as a class representative in this case;

3.     That Defendants' wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

4.     That Plaintiff and each of the other members of the Class and each of the Sub-Class recover the amounts by which Defendants have been unjustly enriched;

5.     That Defendants be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable law;

6.     That Plaintiff and each of the other members of the Class and each of the Sub-Class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

7.     That Plaintiff and each of the other members of Class and each of the Sub-Class be granted such other and further relief as the nature of the case may require or as this Court deems just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2        Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff hereby

3  demands a trial by jury with respect to all issues triable to a jury.

4  Dated:  June 9, 2014               Respectfully submitted,

5                       DEL MAR LAW GROUP, LLP

6

7

8                     By:/sJohn H. Donboli
                        John H. Donboli

9                       E-mail:  jdonboli@delmarlawgroup.com
                        JL Sean Slattery

10                    E-mail:  sslattery@delmarlawgroup.com
                       Attorneys for: LOUISE CLARK, an

11                    individual and on behalf of all others
                       similarly situated

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

COMPLAINT