1  JOHN H. DONBOLI (SBN: 205218)
   E-mail: jdonboli@delmarlawgroup.com
2  JL SEAN SLATTERY (SBN: 210965)
   E-mail: sslattery@delmarlawgroup.com
3  **DEL MAR LAW GROUP, LLP**
   12250 El Camino Real, Suite 120
4  San Diego, CA 92130
   Telephone: 858-793-6244
5  Facsimile:   858-793-6005
6  Attorneys for Plaintiff: LOUISE
   CLARK

   SHANNON  L.  HOPKINS  (Admitted
   *Pro Hac Vice*)
   Email: shopkins@zlk.com
   NANCY A. KULESA (Admitted *Pro
   Hac Vice*)
   Email: nkulesa@zlk.com
   **LEVI & KORSINKSY, LLP**
   733 Summer Street, Suite 304
   Stamford, CT 06901
   Telephone: 232-363-7500
   Facsimile: 866-367-6510

   Attorneys for Plaintiff: ROBYN
   MARNELL

7

8

9            UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11  LOUISE CLARK, an individual,          ) **CASE NO. 14-cv-1404 JLS WVG**
    ROBYN MARNELL, an individual,         )
12                                         )
    individually and on behalf of all others ) **CLASS ACTION**
13  similarly situated,                    )
                                           )
14              Plaintiffs,                ) **FIRST AMENDED COMPLAINT**
15                                         ) **FOR:**
                                           )
16              vs.                        ) (1)  VIOLATION OF CONSUMERS
                                           )      LEGAL REMEDIES ACT
17  CITIZENS OF HUMANITY, LLC, a           )      (CIVIL CODE SECTION 1750
    Delaware Limited Liability Company;    )      ET SEQ.);
18  MACY'S, INC., a Delaware               )
    Corporation; BOP LLC, a Wisconsin      )
19  Limited Liability Company; and DOES 1  ) (2)  VIOLATION OF CAL. BUS. &
    through 100, inclusive,                )      PROF. CODE SECTIONS 17200
20                                         )      *ET SEQ.* (UNFAIR
21              Defendants.                )      COMPETITION LAW);
                                           )
22                                         ) (3)  VIOLATION OF CAL.
23                                         )      BUSINESS & PROFESSIONS
                                           )      CODE SECTION 17533.7
24                                         )      (FALSE "MADE IN USA"
                                           )      CLAIM)
25                                         )
26                                         ) **DEMAND FOR JURY TRIAL**
27                                         )      **[FRCP 38]**

28

COME NOW, plaintiffs LOUISE CLARK and ROBYN MARNELL ("Plaintiffs"), as individuals and on behalf of the general public and all others similarly situated, by their undersigned attorneys, allege as follows:

## <u>NATURE OF THE CASE</u>

1.     This is a putative class action case brought on behalf of all purchasers of "Made in the U.S.A." or "Made in USA" labeled apparel products manufactured, distributed, marketed, and/or sold by defendants Citizens of Humanity, LLC ("COH") in California and online to California residents.  The unlawfully labeled COH apparel products are sold in various stores in California, including Macy's, Inc. ("Macy's").[1]  The unlawfully labeled COH apparel products are also sold online, including at Shopbop.com.[2]  COH, Macy's, Shopbop.com and the DOE defendants are collectively hereinafter referred to as the "Defendants."  Through an unlawful, deceptive and unfair course of conduct, Defendants manufactured, marketed, and/or sold to California consumers a variety of COH apparel products with the false designation and representation that the COH apparel was "Made in the U.S.A."

2.     As stated by the California Supreme Court in *Kwikset v. Superior Court* (January 27, 2011) 51 Cal.4th 310, 328-29:

> **Simply stated: labels matter**. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may come to associate with a particular source. . . . In particular, **to some consumers**, the "Made in U.S.A." label matters. A range of motivations may fuel this preference, from the desire to support domestic jobs, to beliefs about quality, to concerns about overseas environmental or labor conditions, to simple patriotism.

---

[1]     Plaintiff Clark purchased the mislabeled COH apparel product, which in part is the subject matter of this lawsuit, from a San Diego Macy's store.

[2]     Plaintiff Marnell purchased the mislabeled COH apparel product, which in part is the subject matter of this lawsuit, online from Shopbob.com.

The Legislature has recognized the materiality of this representation by specifically outlawing deceptive and fraudulent "Made in America" representations. (§17533.7; see also Civ.Code, §1770, subd. (a)(4) [prohibiting deceptive representations of geographic origin].) The object of section 17533.7 "is to protect consumers from being misled when they purchase products in the belief that they are advancing the interests of the United States and its industries and workers . . . ."

3.     The "Made in the U.S.A." claim is prominently printed on the apparel products themselves.[3]  The offending apparel products, however, are substantially made, manufactured, or produced from <u>component parts</u> that are manufactured *outside of the United States* in violation of California law and/or federal law.

4.     On information and belief, major components of the apparel products, including but not limited to the fabric, thread, buttons, subcomponents of the zipper assembly, and/or rivets are manufactured *outside of the United States*.

## PARTIES

5.     Plaintiff Clark is an individual residing in San Diego, California.

6.     Plaintiff Marnell is an individual residing in Oceano, California.

7.     Defendant Citizens of Humanity, LLC is a limited liability company that is organized and exists under the laws of the State of Delaware.  COH may be served with process in this matter by serving its registered agent for service of process as follows:  National Registered Agents, Inc., 2875 Michelle Drive, Irvine, CA 92606.

8.     COH is a leading designer and manufacturer of denim jean products. On information and belief, COH designs, markets, and produces more than one million pairs of jeans annually.  COH is distributed in over 1,300 retailers in more than 35 countries including high-end specialty boutiques such as Curve, Fred

---

[3]     Plaintiffs intend to seek class wide relief on behalf of all California purchasers of <u>any</u> COH apparel product labeled as "Made in the U.S.A." that incorporated foreign-made component parts (in violation of California and/or federal law) and not just the specific brand of jeans purchased by Plaintiffs.

FIRST AMENDED COMPLAINT

1  Segal, Scoop, Madison, and Anthropologie; online at Shopbop.com and

2  MyTheresa.com; as well as in luxury department stores Barneys New York,

3  Bergdorf Goodman, Neiman Marcus and Bloomingdale's.  One of the products

4  COH manufacturers and sells in California (either directly or through California

5  retailers) is the "Boyfriend" brand of jeans purchased by Plaintiff Clark at a San

6  Diego Macy's store on or about May 31, 2014 and purchased by Plaintiff Marnell

7  online at Shopbop.com in  April 2014.

8      9.    Defendant Macy's, Inc. (hereinafter "Macy's") is a Delaware

9  corporation doing business under and by virtue of the laws of the State of

10  California.  Macy's principal place of business is 7 West Seventh Street,

11  Cincinnati, OH 45202.  Macy's may be served with process in this matter by

12  serving its registered agent for service of process at:  Corporation Service

13  Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

14      10.   Macy's is a high-end fashion retailer that offers apparel, shoes,

15  cosmetics, and accessories for women, men, and children in the United States.

16      11.   Defendant BOP LLC (hereinafter "BOP") is a globally recognized

17  fashion merchant that offers merchandise through its website Shopbop.com.  In

18  2006, BOP LLC was acquired by Amazon.com, Inc., the world's largest internet

19  retailer.  BOP is currently part of the Amazon.com Inc. group of companies

20      12.   Defendant BOP is a Wisconsin limited liability company that is doing

21  business in California.  BOP's principal place of business is 1245 E Washington

22  Ave Suite 300 Madison, WI, 53703.  BOP may be served with process in this

23  matter by serving its registered agent for service of process at:  300 Deschutes Way

24  SW, Suite 304, Tumwater, WA 98501.

25      13.   Plaintiffs are ignorant of the true names and capacities of the

26  defendants sued herein as DOES 1-100, inclusive; therefore, Plaintiffs sue these

27  defendants by such fictitious names.  Plaintiffs are informed and believe that each

28  of the fictitious named defendants are legally responsible in some manner for the

1   occurrences herein alleged, assisted in and about the wrongs complained of herein
2   by providing financial support, advice, resources, or other assistance.  Plaintiffs
3   will amend the complaint to allege their true names and capacities when
4   ascertained.

5       14.   Plaintiffs are informed and believe that all defendants were agents,
6   servants, and employees of their co-defendants, and in doing the things hereinafter
7   mentioned, were acting within the scope of their authority as such agents, servants,
8   and employees with the permission and consent of their co-defendants.

9               **JURISDICTION AND VENUE**

10      15.   This Court has jurisdiction over this matter pursuant to CAFA because
11  the amount in controversy in this matter exceeds $5,000,000.00 as to all Class
12  Members, inclusive of attorneys' fees and costs, and injunctive relief.  28 U.S.C.
13  Sections 1332(d), 1453, and 1711-1715.

14      16.   Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)
15  and 1391(c) in that this is the judicial district in which a substantial part of the acts
16  and omissions giving rise to the claims occurred.

17  **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

18      17.   Plaintiffs re-allege and incorporate herein by reference all of the
19  allegations contained in Paragraphs 1 through 16, inclusive, of this complaint as
20  though fully set forth herein.

21      18.   Defendants manufacture, market, and/or sell COH apparel products
22  that have printed on the product itself and the product packaging that the products
23  are "Made in the U.S.A."

24      19.   Contrary to the representation, the COH apparel products are
25  substantially and/or partially made, manufactured, or produced with component
26  parts that are manufactured *outside of the United States*.  Based upon information
27  and belief, the foreign component parts included in the BOYFRIEND jeans (and
28  presumably all other offending COH apparel products) are the fabric, thread,

1   buttons, and/or rivets.  For other models of jeans, Plaintiffs are informed and

2   believe that the fabric, thread, buttons, rivets, and/or certain subcomponents of the

3   zipper assembly are made outside of the United States as well.

4       20.    Defendants market, and continue to market, and represent to the

5   general public that COH apparel products are "Made in the U.S.A."  In addition,

6   Defendants fraudulently concealed the material facts at issue herein by failing to

7   disclose 100% of the truth to the California general public regarding the country of

8   origin of COH apparel products.  The disclosure of this information was necessary

9   in order to make Defendants' representation not misleading.  Defendants possess

10   superior knowledge of the true facts which were not disclosed, thereby tolling the

11   running of any applicable statute of limitations.

12       21.    Consumers are particularly vulnerable to these deceptive and

13   fraudulent practices.  Most consumers possess very limited knowledge of the

14   likelihood that products, including the component parts therein, claimed to be

15   made in the United States are in fact made in foreign countries.  This is a material

16   factor in many individuals' purchasing decisions, as they believe they are

17   supporting American companies and American jobs.

18       22.    Consumers generally believe that "Made in the U.S.A." products are

19   of higher quality than their foreign-manufactured counterparts.  Due to

20   Defendants' scheme to defraud the market, members of the general public were

21   fraudulently induced to purchase Defendants' products at inflated prices.  On

22   information and belief, and during the entirety of the relevant four-year statutory

23   time period, Defendants charged excess monies for COH apparel products, in

24   comparison to their competitors, based on the false "Made in the U.S.A."

25   designation.  California and federal laws are designed to protect consumers from

26   this type of false representation and predatory conduct.  Defendants' scheme to

27   defraud consumers is ongoing and will victimize consumers each and every day

28   until altered by judicial intervention.

FIRST AMENDED COMPLAINT

1

## THE PLAINTIFFS TRANSACTIONS

2      23.   On or about May 31, 2014, Plaintiff Clark purchased the BOYFRIEND

3 brand jeans at a Macy's store in San Diego.  At the time of purchase, the product

4 itself was marked with a "Made in the U.S.A." country of origin designation when

5 the product actually contains component parts made outside of the United States.

6 Accordingly, Defendants are not entitled to lawfully make a "Made in the U.S.A."

7 representation on the product.

8      24.   On or around April 2014, Plaintiff Marnell purchased the BOYFRIEND

9 brand jeans online at Shopbop.com.[4]  At the time of purchase, the product itself

10 was marked with a "Made in the U.S.A." country of origin designation when the

11 product actually contains component parts made outside of the United States.

12 Accordingly, Defendants are not entitled to lawfully make a "Made in the U.S.A."

13 representation on the product.  Additionally, the advertising on Shopbop.com

14 indicates that the product was "Made in the USA.":

15

16

17

18

19

20

21

22



**DESCRIPTION**

Super-slouchy 5-pocket boyfriend jeans are the perfect length to roll up or leave long and loose. Heavy distressing and allover whiskering add to the well-loved look. Button closure and button fly.

Fabric: Lightweight stretch denim.
98% cotton/2% elastane.
Wash cold.
Made in the USA.

[5]

23

24      25.   In each case when Plaintiffs, and Class Members, purchased a Class

25 Product[6], they relied upon Defendants' "Made in the U.S.A." representation in

26 [4]    Shopbob.com, Citizen of Humanity Dylan Boyfriend Jean (See

27 http://www.shopbop.com/dylan-boyfriend-jean-citizens-humanity/vp/v=1/1575225943.htm?fm=search-shopbysize, site visited July 25,
2014).

28 [6]    The term "Class Products" is defined as any COH manufactured or labeled
product that was sold in California during the past four years with a "Made in the

their purchasing decision, which is typical of most U.S. consumers, and they were deceived as a result of Defendants' actions.  These purchasing decisions were supported by the "Made in the U.S.A." representation made by Defendants, which is absent from most of Defendants' competitors.  Plaintiff believed at the time she purchased the BOYFRIEND jeans that she was supporting U.S. jobs and the U.S. economy.

26.    Plaintiffs suffered an "injury in fact" because Plaintiffs' money was taken by Defendants as a result of Defendants' false "Made in the U.S.A." claims set forth on the BOYFRIEND jeans.  Furthermore, she suffered an "injury in fact" by paying for something she believed was genuinely manufactured in the USA, when it was not.

27.    U.S. made component parts are subject to strict regulatory requirements, such as environmental, labor, and safety standards.  Foreign made component parts are not subject to the same U.S. manufacturing standards and are often inherently of lower quality than their U.S. made counterparts.  Foreign made component parts are also routinely less reliable and durable than their U.S. made counterparts.  As such, the BOYFRIEND brand of jeans is of inferior quality due to COH's decision to include foreign made component parts within.

28.    As such, and on information and belief, the offending COH apparel products, made with foreign-made component parts, are of inferior quality, less reliable, and fail more often than if the product was truly made from 100% American made component parts.  Essentially, the BOYFRIEND brand of jeans is not worth the purchase price paid.  The precise amount of damages will be proven at time of trial, in large part, by expert testimony.

29.    Plaintiffs and Class Members were undoubtedly injured as a result of Defendants' false "Made in the U.S.A." representations that are at issue in this litigation.

U.S.A" or equivalent country of origin label but that incorporated foreign-made component parts.

FIRST AMENDED COMPLAINT

## CLASS ALLEGATIONS

30.     Plaintiffs re-allege and incorporate herein by reference all of the allegations contained in Paragraphs 1 through 29, inclusive, of this complaint as though fully set forth herein.

31.     Plaintiffs bring this action, as set forth below, against Defendants, pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), individually and on behalf of a class consisting of all persons in the United States who purchased one or more of Defendants' COH apparel products during the relevant four-year statutory time period that bore a "Made in the U.S.A." country of origin designation but that contained foreign-made component parts (the "Class"). Excluded from the Class are the Court and its employees; Defendants; any parent, subsidiary, or affiliate of Defendants; and all employees and directors who are or have been employed by Defendants during the relevant time period.

### The Online Purchaser Subclass

32.     Subclass members are all of Defendants' California customers who purchased one or more of Defendants' COH apparel products online during the relevant four-year statutory time period that bore a "Made in the U.S.A." country of origin designation but that contained foreign-made component parts ("Online Purchaser Subclass"). Excluded from the Class are the Court and its employees; Defendants; any parent, subsidiary, or affiliate of Defendants; and all employees and directors who are or have been employed by Defendants during the relevant time period.

### The Imported Fabric Subclass

33.     Subclass members are all of Defendants' California customers who purchased COH apparel products that were labeled as "MADE IN U.S.A. OF IMPORTED FABRIC" ("Imported Fabric Subclass") that contained foreign-made component parts beyond the fabric (e.g., rivets, thread, buttons, and/or

FIRST AMENDED COMPLAINT

1  subcomponents of the zipper assembly) during the relevant four-year statutory time

2  period (hereinafter the "Sub-Class Products").

3  **Class Action Requirements**

4      34.    The numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied for

5  each of the foregoing Classes because the members of each Class are so numerous

6  and geographically dispersed that joinder of all Class members is impracticable.

7  Plaintiffs currently believe that there are hundreds of thousands of members of

8  each Class located in the State of California.

9      35.    Common questions of fact and law exist here, satisfying the

10  requirement of Rule 23(a)(2), including but not limited to:

11            a.    whether Defendants participated in, or committed the wrongful

12                 conduct alleged herein;

13            b.    whether Defendants' acts, transactions, or course of conduct

14                 constitute the violations of law alleged herein;

15            c.    whether the members of the Class and the Sub-Classes sustained

16                 and/or continue to sustain damages by reason of Defendants'

17                 conduct, and, if so, the proper measure and appropriate formula

18                 to be applied in determining such damages; and

19            d.    whether the members of the Class and the Sub-Classes are

20                 entitled to injunctive or other equitable relief.

21      36.    Plaintiffs' claims are typical of the claims of all other members of the

22  Class and the Sub-Classes and involve the same violations of law by Defendants as

23  other Class members' claims.  Plaintiffs and members of the Class and Sub-Classes

24  also sustained damages arising out of Defendants' common course of conduct

25  complained herein.  Accordingly, Plaintiffs satisfy the "typicality" requirements of

26  Fed. R. Civ. P. 23(a)(3) with respect to the Class and Sub-Classes.

27      37.    Plaintiffs will fairly and adequately protect the interests of the other

28  members of the Class and Sub-Classes, and have no interests that are antagonistic

1   to or which conflict with those of the other members of those Classes. Plaintiffs

2   are committed to the vigorous prosecution of this action and have retained

3   competent counsel experienced in litigation of this nature to represent them and the

4   other members of the Class and Sub-Classes; as such, the requirements of Rule

5   23(a)(4) are satisfied.

6        38.    Absent a representative class action, members of the Class and the

7   Sub-Classes would continue to suffer the harm described herein, for which they

8   would have no remedy. Even if separate actions could be brought by individual

9   purchasers, the resulting multiplicity of lawsuits would cause undue hardship and

10  expense for both the Court and the litigants, as well as create a risk of inconsistent

11  rulings and adjudications that might be dispositive of the interests of similarly

12  situated purchasers, substantially impeding their ability to protect their interests,

13  while establishing incompatible standards of conduct for Defendants. The

14  proposed Class, and, respectively, the members of the Sub-Class, thus satisfy the

15  requirements of Fed. R. Civ. P. 23(b)(1).

16       39.    Defendants acted or refused to act on grounds generally applicable to

17  Plaintiffs and the other members of the Class, and, respectively, the members of

18  the Sub-Class, thereby rendering class certification and injunctive relief with

19  respect to the Class as a whole and the Sub-Classes appropriate. Certification under

20  Fed. R. Civ. P. 23(b)(2) is proper in this regard.

21       40.    As discussed above, numerous common questions of fact and law

22  exist. These questions predominate over the individual questions presented in this

23  action. The predominance requirement of Rule 23(b)(3) is thus satisfied.

24       41.    A class action is the superior method for the fair and efficient

25  adjudication of this controversy, because joinder of all members of the Class, and,

26  respectively, the Sub-Class, is impracticable. Because the damages suffered by

27  individual members of the Class, and, respectively, the Sub-Class, may be

28  relatively small, the expense and burden of litigation would prevent class members

1  from individually redressing the wrongs done to them.  Where, as here, the size

2  and nature of individual Class members' claims would allow few, if any, members

3  of those Classes to seek legal redress against Defendants for the wrongs

4  complained of herein, a representative class action is both the appropriate vehicle

5  by which to adjudicate these claims and is essential to the interests of justice.

6  Furthermore, a class action regarding the issues in this action creates no significant

7  problems of manageability. The superiority and manageability requirements of

8  Rule 23(b)(3) are thus satisfied.

9  ## FIRST CLAIM FOR RELIEF

10  (**Violation of California Consumers Legal Remedies Act Against All**

11  **Defendants**)

12      42.    Plaintiffs re-allege and incorporate herein by reference all of the

13  allegations contained in Paragraphs 1 through 41, inclusive, of this complaint as

14  though fully set forth herein.

15      43.    California Civil Code Section 1750 *et seq.* (entitled the Consumers

16  Legal Remedies Act) provides a list of "unfair or deceptive" practices in a

17  "transaction" relating to the sale of "goods" or "services" to a "consumer."  The

18  Legislature's intent in promulgating the Consumers Legal Remedies Act is

19  expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are

20  to be:

21          [C]onstrued liberally and applied to promote its underlying
22          purposes, which are to protect consumers against unfair and
            deceptive business practices and to provide efficient and
23          economical procedures to secure such protection.

24      44.    COH apparel products constituted "goods" as defined in Civil Code

25  Section 1761(a).

26      45.    Plaintiffs, and Class members, are each a "Consumer" as defined in

27  Civil Code Section 1761(d).

28      46.    Each of Plaintiffs' and Class members' purchases of COH apparel

products constituted a "transaction" as defined in Civil Code Section 1761(e).

47.     Civil Code Section 1770(a)(4) and (9) provides that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:  Using deceptive representations or designations of geographic origin in connection with goods or services [and] [a]dvertising goods or services with intent not to sell them as advertised."

48.     Defendants violated Civil Code Section 1770(a)(4) and (9) by marketing and representing that their COH apparel products are "Made in the U.S.A." when they actually contain component parts that are manufactured outside of the United States.

49.     It is alleged on information and belief that Defendant's violations of the Consumer's Legal Remedies Act set forth herein were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit.  It is also alleged on information and belief that Defendants did these acts knowing the harm that would result to Plaintiffs and that Defendants did these acts notwithstanding that knowledge.

50.     As a direct and proximate result of Defendants' violations of the Consumers Legal Remedies Act, Plaintiffs and Class members are entitled to the following remedies as against Defendants:  (a) a declaration that Defendants violated the Consumers Legal Remedies Act, and (b) an injunction preventing Defendants' unlawful actions.

51.     Plaintiffs suffered an "injury in fact" because Plaintiffs' money was taken by Defendants as a result of Defendants' false "Made in the U.S.A." claims set forth on the COH apparel products.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT

## SECOND CLAIM FOR RELIEF

(**Violation of Business & Prof. Code Section 17200** *Et Seq*. **Against All Defendants**)

52.     Plaintiffs re-allege and incorporate herein by reference all of the allegations contained in Paragraphs 1 through 51, inclusive, of this complaint as though fully set forth herein.

53.     Business & Professions Code section 17200 *et seq*. provides that unfair competition means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading marketing."

54.     By and through their conduct, including the conduct detailed above, Defendants engaged in activities which constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code Section 17200 *et seq*.  Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Business & Professions Code Section 17200 *et seq*., by manufacturing, distributing, and marketing COH apparel products with a false country of origin designation and violating Section 17533.7 by falsely claiming that the products referenced herein are "Made in U.S.A." when they actually contain component parts manufactured *outside of the United States.*

55.     Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition that are prohibited by Business and Professions Code section 17200 *et seq*.  Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices that threaten an incipient violation of law or violate the policy or spirit of laws because their effects are comparable to or the same as a violation of the law by manufacturing, distributing, and marketing their COH apparel products with a false country of origin designation, and by violating

Section 17533.7 by falsely claiming that their COH apparel products referenced herein are "Made in the U.S.A." when they actually contain component parts manufactured outside of the United States.

56.   Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility (if any) of which conduct is far outweighed by the harm done to consumers and public policy by manufacturing, distributing, marketing, and advertising COH apparel products with the false claim that the products referenced herein are "Made in the U.S.A."

57.   Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices, including manufacturing, distributing, marketing, and advertising COH apparel products with the false claim that the products referenced herein are "Made in the U.S.A.," wherein:  (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was of the kind that the consumers themselves could not reasonably have avoided.

58.   Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition, including those described above, prohibited by Business and Professions Code section 17200 *et seq.* by engaging in a pattern of "fraudulent" business practices within the meaning of Business & Professions Code section 17200 *et seq*., by manufacturing, distributing, and marketing COH apparel products with a false country of origin designation and violating Section 17533.7 by falsely claiming that the products referenced herein are "Made in U.S.A."

59.   Defendant engaged in these unlawful, unfair, and fraudulent business practices for the primary purpose of collecting unlawful and unauthorized monies

1  from Plaintiffs and all others similarly situated; thereby unjustly enriching

2  Defendants.

3      60.    As a result of the repeated violations described herein, Defendants

4  received and continue to receive unearned commercial benefits at the expense of

5  their competitors and the public.

6      61.    Defendants' unlawful, unfair, and fraudulent business practices

7  presents a continuing threat to the public in that Defendants continues to engage in

8  unlawful conduct.

9      62.    Such acts and omissions are unlawful and/or unfair and/or fraudulent

10  and constitute a violation of Business & Professions Code section 17200 *et seq.*

11  Plaintiffs reserve the right to identify additional violations by Defendants as may

12  be established through discovery.

13      63.    As a direct and legal result of their unlawful, unfair, and fraudulent

14  conduct described herein, Defendants have been and will be unjustly enriched by

15  the receipt of ill-gotten gains from customers, including Plaintiffs, who unwittingly

16  provided money to Defendants based on Defendants' fraudulent country of origin

17  designation.

18      64.    Plaintiffs suffered an "injury in fact" because Plaintiffs' money was

19  taken by Defendants as a result of Defendants' false "Made in the U.S.A." claims

20  set forth on the COH apparel products.

21      65.    In prosecuting this action for the enforcement of important rights

22  affecting the public interest, Plaintiffs seek the recovery of attorneys' fees, which

23  is available to a prevailing plaintiff in class action cases such as this.

24                **THIRD CLAIM FOR RELIEF**

25  **(Violation of Business & Professions Code § 17533.7 Against All Defendants)**

26      66.    Plaintiffs re-allege and incorporates herein by reference all of the

27  allegations contained in Paragraphs 1 through 65, inclusive, of this complaint as

28  though fully set forth herein.

67.     Business & Professions Code Section 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A." "Made in America," "U.S.A.," or similar words when the merchandise or **any article, unit, or part thereof,** has been entirely or substantially made, manufactured, or produced outside of the United States. (Emphasis added).

68.     Defendants (COH, Macy's and BOP) violated Business & Professions Code Section 17533.7 by selling and offering to sell merchandise in the State of California with the "Made in the U.S.A." country of origin designation as fully set forth herein.  The merchandise at issue in this case actually contains <u>component parts</u> that are manufactured outside of the United States in violation of California and federal law.

69.     It is alleged on information and belief that Defendants' violations of Business & Professions Code Section 17533.7 were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit.  It is also alleged on information and belief that Defendants did these acts knowing the harm that would result to Plaintiff and that Defendants did these acts notwithstanding that knowledge.

70.     As a direct and proximate result of Defendants' violations of Business & Professions Code Section 17533.7, Plaintiff and Class members are entitled to restitution of excess monies paid to Defendants by Plaintiff and Class members relating to the false "Made in the U.S.A." claims on Defendants' COH apparel products.

71.     Plaintiffs suffered an "injury in fact" because Plaintiffs' money was taken by Defendants as a result of Defendants' false "Made in the U.S.A." claims set forth on the COH apparel products.

72.     In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiffs seek the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this.

## **PRAYER**

WHEREFORE, Plaintiffs, on behalf of themselves, collectively on behalf of the Class, and respectively on behalf of the Sub-Classes, respectfully request the following relief:

1.     That the Court determine that this action may be maintained as a class action by certifying this case as a California class action as to both the Class and Sub-Classes;

2.     That the Court certify Plaintiffs to serve as class representatives in this case and appoint Plaintiffs' attorneys as class counsel;

3.     That Defendants' wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

4.     That Plaintiffs and each of the other members of the Class and each of the Sub-Classes recover the amounts by which Defendants have been unjustly enriched;

5.     That Defendants be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable law;

6.     That Plaintiffs and each of the other members of the Class and each of the Sub-Classes recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

7.     That Plaintiffs and each of the other members of Class and each of the Sub-Classes be granted such other and further relief as the nature of the case may require or as this Court deems just and proper.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury with respect to all issues triable to a jury.

Dated:  November 20, 2014                    Respectfully submitted,

DEL MAR LAW GROUP, LLP

By:/sJohn H. Donboli
**DEL MAR LAW GROUP, LLP**
John H. Donboli
E-mail:  jdonboli@delmarlawgroup.com
JL Sean Slattery
E-mail:  sslattery@delmarlawgroup.com
*Counsel for: Louise Clark*

**LEVI KORSINSKY LLP**
SHANNON L. HOPKINS
shopkins@zlk.com
NANCY A. KULESA
nkulesa@zlk.com
STEPHANIE A. BARTONE
sbartone@zlk.com
*Counsel for: Robyn Marnell*

FIRST AMENDED COMPLAINT