1  BROWNE GEORGE ROSS LLP
   Peter W. Ross (State Bar No. 109741)
2    pross@bgrfirm.com
   Keith J. Wesley (State Bar No. 229276)
3    kwesley@bgrfirm.com
   Corbin K. Barthold (State Bar No. 297938)
4    cbarthold@bgrfirm.com
   2121 Avenue of the Stars, Suite 2400
5  Los Angeles, California 90067
   Telephone: (310) 274-7100
6  Facsimile: (310) 275-5697

7  Attorneys for Defendants
   Citizens of Humanity, LLC
8

9              UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  CONI HASS, individually, and on behalf of all others similarly situated, | Case No.  3:14-CV-1404(JLS)WVG |
| 12  Plaintiffs, | The Hon. Janis L. Sammartino |
| 13  vs. | **CITIZENS OF HUMANITY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; DECLARATION OF CORBIN K. BARTHOLD** |
| 14  CITIZENS OF HUMANITY, LLC, a Delaware Limited Liability Company; DOES 1 through 100, inclusive, | |
| 15 | |
| 16  Defendants. | Date:   June 30, 2016 |
| 17 | Time:   1:30 p.m. Crtrm.: 4A |
| 18 | Action Commenced:  June 9, 2014 |
| 19 | Trial Date:          None Set |

20

21

22

23

24

25

26

27

28

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE NOTE that on June 30, 2016, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Janis L. Sammartino in Courtroom 4A of the United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, CA 92101, Defendant Citizens of Humanity, LLC, will and hereby does move for an order dismissing Plaintiff Coni Hass's second amended complaint, and each of its claims.

The motion invokes Rule 12(b)(1) and Rule 12(b)(6), Federal Rules of Civil Procedure, on the ground that Hass asserts claims for which she lacks standing and fails to state a claim for which relief can be granted.

The motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the files of this action, and all other material properly presented to the Court prior to or at the hearing on this motion.

Dated:  May 19, 2016          BROWNE GEORGE ROSS LLP
                              Peter W. Ross
                              Keith J. Wesley
                              Corbin K. Barthold

                         By       /s/  Corbin K. Barthold
                                  Corbin K. Barthold
                         Attorneys for Defendants Citizens of Humanity, LLC

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..................................................................................... 1

II.  BACKGROUND ..................................................................................... 2

III.  STANDARD ........................................................................................... 2

IV.  ARGUMENT .......................................................................................... 3

    A.  Hass Fails to Plead a Violation of The New—And Governing—Version of Business and Professions Code Section 17533.7. ............... 3

        1.  Section 17533.7 Was Amended, Effective January 1, 2016. .................................................................................... 3

        2.  Hass Must Plead a Violation of The Current Version of Section 17533.7. ........................................................ 4

        3.  Hass Fails to Plead a Violation of The Current Section 17533.7. .......................................................................... 5

    B.  Hass Lacks Standing to Sue For Products She Did Not Purchase .......... 7

        1.  A Plaintiff Must Plead Standing to Sue For Unpurchased Products. ......................................................................... 7

            a.  General Principles of Standing ................................ 7

            b.  Standing to Sue For Products a Plaintiff Did Not Purchase ............................................................... 7

        2.  Hass Fails to Plead Standing to Sue For Products She Did Not Purchase. ............................................................ 10

    C.  Hass's Section 17200 Claim Cannot Survive The Failure of Hass's Section 17533.7 Claim. ........................................................... 11

    D.  Hass's Claim Under The Consumer Legal Remedies Act Fails ........... 13

        1.  Hass's CLRA Claim Cannot Survive The Failure of Hass's Section 17533.7 Claim. ........................................ 13

        2.  Hass Failed to Comply with the CLRA's Affidavit Requirement. ........................................................... 14

V.  CONCLUSION ..................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Alaei v. Kraft Heinz Food Co.*,
    3:15-cv-2961, Dkt. 22 (S.D. Cal. April 22, 2016)...................................................9, 12

*Alvarez v. Chevron Corp.*,
    656 F.3d 926 (9th Cir. 2011)..........................................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................2, 6, 8

*U.S. ex rel. Bogina v. Medline Indus., Inc.*,
    809 F.3d 365 (7th Cir. 2016).............................................................................6

*Brown v. Hain Celestial Group, Inc.*,
    913 F.Supp.2d 881 (N.D. Cal. 2012) ...................................................................7

*Conservation Force v. Salazar*,
    646 F.3d 1240 (9th Cir. 2011)..........................................................................2

*Davis v. Chase Bank U.S.A., N.A.*,
    650 F.Supp.2d 1073 (C.D. Cal. 2009)..................................................................14

*Easter v. Am. W. Fin.*,
    381 F.3d 948 (9th Cir. 2004)...........................................................................10

*In re Apple & AT&T iPad Unlimited Data Plan Litigation*,
    802 F.Supp.2d 1070 (N.D. Cal. 2011) .................................................................14

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)..........................................................................12

*Larsen v. Trader Joe's Clo.*,
    2012 WL 5458396 (N.D. Cal. June 14, 2012) .........................................................9

*Laster v. T-Mobile USA, Inc.*,
    407 F.Supp.2d 1181 (S.D. Cal. 2005) .................................................................14

*Lewis v. Casey*,
    518 U.S. 343 (1996) ................................................................................9, 10

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .................................................................................3, 9

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011)..........................................................................7

1

## <u>TABLE OF AUTHORITIES</u>
### (cont'd)

2

<u>Page(s)</u>

3

*McVicar v. Goodman Global, Inc.*,
  1 F.Supp.3d 1044 (C.D. Cal. 2014)......................................................................13, 14

4

*Oxina v. Lands' End, Inc.*,
  2015 WL 4272058 (S.D. Cal. June 19, 2015)....................................................8, 9, 11, 14

5

6

*Stock West, Inc. v. Confederated Tribes*,
  873 F.2d 1221 (9th Cir. 1989).....................................................................................7

7

*Trazo v. Nestle USA, Inc.*,
  2013 WL 4083218 (N.D. Cal. Aug. 9, 2013)............................................7, 8, 10, 11

8

9

*Wilson v. Frito-Lay N. Am., Inc.*,
  961 F.Supp.2d 1134 (N.D. Cal. 2013) .................................................................8, 11

10

11

**<u>STATE CASES</u>**

12

*Benson v. Kwikset Corp.*,
  152 Cal.App.4th 1254 (2007)............................................................................................3

13

14

*Brenton v. Metabolife Int'l, Inc.*,
  116 Cal.App.4th 679 (2004)..........................................................................................4

15

*Cel-Tech Commc'ns v. Los Angeles Cellular Tel. Co.*,
  20 Cal.4th 163 (1999)....................................................................................................12

16

17

*Chapman v. Farr*,
  132 Cal.App.3d 1021 (1982)..........................................................................................4

18

19

*Lemon v. Los Angeles Terminal Ry. Co.*,
  38 Cal.App.2d 659 (1940)..............................................................................................4

20

*South Coast Regional Com. v. Gordon*,
  84 Cal.App.3d 612 (1978)..........................................................................................4, 5

21

22

**<u>STATE STATUTES</u>**

23

Bus. & Prof. Code § 17200 ...................................................................1, 2, 11, 12, 13

24

Bus. & Prof. Code § 17533.7 .................................................................. *passim*

25

Bus. & Prof. Code § 17533.7(b).........................................................................4, 5

26

Bus. & Prof. Code § 17533.7(c).........................................................................4, 5

27

Civil Code § 1750. ...............................................................................1, 2, 13, 14

28

# TABLE OF AUTHORITIES
## (cont'd)

**Page(s)**

Civil Code § 1770 .................................................................................................13

Civil Code § 1780(d) ............................................................................................14

**RULES**

Fed. R. Civ. Pro., Rule 8 .........................................................................................8

Fed. R. Civ. Pro., Rule 9(b).....................................................................................12

Fed. R. Civ. Pro., Rule 12(b)(1) ........................................................................2, 3, 7

Fed. R. Civ. Pro., Rule 12(b)(6) ........................................................................2, 9, 12

**CONSTITUTIONAL PROVISIONS**

U.S. Const. Article III, § 2, cl. 1 ...............................................................................7

**OTHER AUTHORITIES**

Leslie A. Gordon, *California Falls in Line With The Rest of The Country When it
   Comes to 'Made in The USA' Labels*, ABA Journal, Jan. 1, 2016 ...............................3

Timothy Aeppel, *Chinese Nets and Bolts Ensnare Basketball Hoops in Litigation*, Wall
   St. J., Oct. 3, 2014 .........................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Coni Hass says she bought a pair of defendant Citizens of Humanity's *Ingrid*-style jeans.  She claims the jeans improperly purported to be "Made in the U.S.A."  She raises three claims for relief and seeks to represent a class.  The claims and the class allegations are defective:

- Hass invokes California's "Made in U.S.A." law, Bus. & Prof. Code § 17533.7, which requires that the foreign parts of a product with a "Made in U.S.A." label constitute not more than 5% of the product's value (10% if the parts are unavailable in the United States).  Hass attempts to plead a violation of a stricter, but obsolete, version of the law.  She never asserts, let alone alleges facts establishing, that foreign parts account for more than 5% (or 10%) of the value of the jeans she bought.

- Hass invokes California's unfair-competition law, Bus. & Prof. Code § 17200 et seq., a law that requires certain general standards of conduct but that contains no specific rules.  Hass fails to plead facts suggesting unfair (or unlawful or fraudulent) competition by Citizens of Humanity and, more, fails to overcome the presumption that a plaintiff may not use the general unfair-competition law to plead around a specific and applicable regulation (in this case, the "Made in U.S.A." law).

- Hass invokes California's Consumer Legal Remedies Act (CLRA), Civil Code § 1750 et seq., which, like the unfair-competition law, contains only general standards and which, like the unfair-competition law, cannot trump a specific, governing statute (again, the "Made in U.S.A." law).  Further, Hass failed to comply with the CLRA's requirement that a plaintiff support her complaint with an affidavit.

/ / /

- Hass wants to represent a class of people who purchased *any* Citizens of Humanity apparel that both bears a "Made in U.S.A." mark and contains foreign parts. Hass purchased only a pair of *Ingrid* jeans. She fails to plead facts establishing that her *Ingrid* jeans are substantially similar to the other products in the class definition. She therefore lacks standing to sue—or to raise class allegations—for any product besides *Ingrid* jeans.

Accordingly, Citizens of Humanity moves to dismiss each claim as legally defective and inadequately pleaded (Rule 12(b)(6)) and to dismiss each claim and the class allegations, insofar as they pertain to products Hass did not purchase, for lack of standing (Rule 12(b)(1)).

## II.    **BACKGROUND**

Coni Hass alleges that in November 2013 she purchased a pair of Citizens of Humanity's *Ingrid*-style jeans at a Nordstrom store in San Diego. (Dkt 90 at ¶ 18.) Alleging that the *Ingrid* jeans contained an invalid "Made in U.S.A." statement, Hass asserts claims for relief under California's "Made in U.S.A." law (Bus. & Prof. Code § 17533.7), unfair-competition law (Bus. & Prof. Code § 17200 et seq.), and Consumer Legal Remedies Act (Civil Code § 1750 et seq.). Hass seeks to represent a class of consumers who purchased, in the last four years and in California, a Citizens of Humanity apparel product "that bore a 'Made in the U.S.A.' country of origin designation but that contained foreign-made component parts." (Dkt 90 at ¶ 25.)

## III.   **STANDARD**

A Rule 12(b)(6) motion to dismiss succeeds if the complaint lacks either "a cognizable legal theory," *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011), or "sufficient factual matter . . . to state a claim for relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

/ / /

1    A Rule 12(b)(1) motion to dismiss for lack of standing succeeds if the

2 complaint lacks "general factual allegations of injury resulting from the defendant's

3 conduct." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

4 **IV.    ARGUMENT**

5    **A.    Hass Fails to Plead a Violation of The New—And Governing—**

6         **Version of Business and Professions Code Section 17533.7.**

7         **1.    Section 17533.7 Was Amended, Effective January 1, 2016.**

8    When this action started in 2014, California had the strictest "Made in

9 U.S.A." law in the nation.  Under the then-operative version of Business and

10 Professions Code section 17533.7, a product could not be labeled as "Made in

11 U.S.A." if any discrete part of the product was "entirely or substantially" made

12 outside the United States.  Cf., e.g., Timothy Aeppel, *Chinese Nets and Bolts*

13 *Ensnare Basketball Hoops in Litigation*, Wall St. J., Oct. 3, 2014 (attached as

14 Barthold Declaration ("Bar. Decl.") Ex. A) (discussing California's "strictest

15 ['Made in U.S.A.'] guidelines in the country," under which, "if even one rivet of a

16 larger product is foreign, . . . it amounts to false advertising to call it U.S. made");

17 *Benson v. Kwikset Corp.*, 152 Cal.App.4th 1254, 1284 (2007) (Sills, P.J., dissenting)

18 ("Would anyone really dispute the idea that the aircraft carrier U.S.S. Ronald

19 Reagan, built by American shipworkers in Newport News, Virginia, was 'made in

20 America'?  And yet if we take [the old section 17533.7] literally, the mere fact that a

21 single television monitor in the communications section of the ship came from

22 Taiwan would mean the ship *itself* was not 'made in America.'" (emphasis in

23 original)).

24    In 2015 California passed—over active opposition from the law firm

25 representing Hass—a new, more lenient version of section 17533.7.  Cf., e.g.,

26 Senate Floor Analysis of SB 633 (attached as Bar. Decl. Ex. B) (noting Del Mar

27 Law Group's verified opposition to what became the current section 17533.7); see

28 also Leslie A. Gordon, *California Falls in Line With The Rest of The Country When*

it Comes to 'Made in The USA' Labels, ABA Journal, Jan. 1, 2016 (attached as Bar. Decl. Ex. C) (noting that "many" of a "glut of consumer class actions" under the old law were filed by "the San-Diego-based Del Mar Law Group").  The new version of section 17533.7 does not prohibit "Made in the U.S.A." labeling "if all of the articles, units of parts" of the product "obtained from outside the United States constitute not more than 5 percent" of the product's "final wholesale value."  Bus. & Prof. Code § 17533.7(b).  The new version also does not prohibit "Made in the U.S.A." labeling if the product's foreign parts are both not available in the United States and "not more than 10 percent" of the product's "final wholesale value."  *Id.* § 17533.7(c).

The new version of section 17533.7 went into effect January 1, 2016.

### 2. <u>Hass Must Plead a Violation of The Current Version of Section 17533.7.</u>

When California amends a civil remedial statute, making it more lenient, a plaintiff invoking the statute in a civil action must, regardless when the action started, and regardless when the alleged violation of the statute occurred, prove a violation of the statute's new version.  See, e.g., *Brenton v. Metabolife Int'l, Inc.*, 116 Cal.App.4th 679, 690 (2004) ("When a remedial statute is amended . . . before a final judgment is entered . . . the court will apply the law in force at the time of decision."); *Chapman v. Farr*, 132 Cal.App.3d 1021, 1024-25 (1982) (collecting and discussing authority and noting that "all statutory remedies are pursued with full realization that the Legislature may abolish the right to recover at any time"); *Lemon v. Los Angeles Terminal Ry. Co.*, 38 Cal.App.2d 659, 669-71 (1940) ("The legislature may withdraw . . . a statutory right or remedy, and a repeal of such a statute without a saving clause will terminate all pending actions based thereon.").

*South Coast Regional Com. v. Gordon*, 84 Cal.App.3d 612 (1978), illustrates the point.  In May 1973 a California agency sued Harold Gordon for building a house in a "coastal conservation zone" without a permit, in violation of the Coastal

1  Zone Conservation Act of 1972.  84 Cal.App.3d at 615.  While the lawsuit was

2  pending, the 1972 Act was replaced by the Coastal Act of 1976.  The repealed

3  1972 Act contained an attorney's fee clause; the new 1976 Act did not.  The agency

4  prevailed against Gordon and sought attorney's fees.  Affirming the denial of a fee

5  award, *Gordon* states:  "Without a saving clause or statutory continuity, a party's

6  rights and remedies under a statute may be enforced after repeal only where such

7  rights have vested prior to repeal . . . , [and] a statutory remedy does not vest until

8  final judgment[.]"  *Id.* at 618-19.  Because the 1976 Act—even though a "substantial

9  reenact[ment] of the 1972 Act, *id.* at 615—did not contain a fee provision, the fee

10 provision of the old law did not govern an action started under the old law but

11 completed under the new one.  (The new section 17533.7 contains nothing in the

12 nature of a "saving clause.")

13       In short, "unless a plaintiff obtains a final judgment prior to the effective date

14 of a statute's amendment or modification, the law governing his or her cause of

15 action will be the most recent version of the statute."  William L. Stern, Bus. & Prof.

16 C. 17200 Prac. ¶ 5:144.  Hass must therefore plead a violation of the version of

17 section 17533.7 that took effect January 1, 2016.

18       **3.    Hass Fails to Plead a Violation of The Current**

19            **Section 17533.7.**

20       Hass alleges that she purchased a pair of Citizens of Humanity's *Ingrid*-style

21 jeans; that the jeans were "marked with a 'Made in the U.S.A.'" label; and that the

22 jeans contain "component parts made outside of the United States."  (Dkt 90 at 6.)

23 So far as the *Ingrid* jeans—the only jeans Hass purchased—go, this is the totality of

24 Hass's allegation.  She never alleges that more than 5% of the jeans' "final

25 wholesale value" comes from foreign parts, see Bus. & Prof. Code § 17533.7(b);

26 and she never alleges that more than 10% of the jeans' "final wholesale value"

27 comes from foreign parts unavailable in the United States, see *id.* § 17533.7(c).

28 / / /

1  Hass fails to plead a violation of the present and governing version of section

2  17533.7.

3         At some points, to be sure, Hass alleges that "major components" of Citizens

4  of Humanity "products" are foreign.  (Dkt 90 at ¶¶ 4, 14.)  But these allegations are

5  useless.  The complaint never specifies which "products" contain "major" foreign

6  components (do *Ingrid* jeans contain "major" foreign components? the reader is left

7  to guess).  The complaint never specifies which "major components" are foreign (it

8  simply lists all the components present in a typical pair of jeans).  And each of the

9  "major components" allegations—which, as Hass acknowledges (*id.* at ¶ 15),

10 amount to accusations of fraud—are made purely on "information and belief."

11 "Allegations based on 'information and belief' . . . won't do in a fraud case—for 'on

12 information and belief' can mean as little as 'rumor has it that . . . .'"  *U.S. ex rel.*

13 *Bogina v. Medline Indus., Inc.*, 809 F.3d 365, 370 (7th Cir. 2016) (Posner, J.).  (A

14 reader of the complaint is left with the distinct impression that Hass has no reasoned

15 basis for her accusations that Citizens of Humanity engaged in a "scheme to

16 defraud" (Dkt 90 at ¶ 17) or that Citizens of Humanity sold a product of "inferior

17 quality" (*id.* at ¶ 21).  Cf. 5A Charles Alan Wright & Arthur R. Miller, et al.,

18 *Federal Practice & Procedure* § 1296 (3d ed.) (noting that a plaintiff alleging fraud

19 must approach her lawsuit with a "note of seriousness" and "a greater degree of

20 pre-institution investigation," and that she must avoid "lightly made claims charging

21 the commission of acts that involve [a] degree of moral turpitude").)  At all events,

22 the complaint fails to allege *facts* that would render a more-than-5% or more-than-

23 10% allegation aimed at *Ingrid* jeans—in other words, an actual violation of section

24 17533.7—plausible.  See *Iqbal*, 556 U.S. at 678.

25        Hass's section 17533.7 claim fails.

26 / / /

27 / / /

28 / / /

B. **Hass Lacks Standing to Sue For Products She Did Not Purchase.**

    1. **A Plaintiff Must Plead Standing to Sue For Unpurchased Products.**

        a. **General Principles of Standing.**

A federal court may adjudicate only an actual case or controversy. U.S. Const. art. III, § 2, cl. 1. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). A lack of standing—that is, a lack of a "concrete and particularized" "injury in fact," "fairly traceable to the challenged action of the defendant" and "redress[able] by a favorable decision"— "requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). A plaintiff may not rely "on a bare legal conclusion to assert injury-in-fact." 658 F.3d at 1068.

        b. **Standing to Sue For Products a Plaintiff Did Not Purchase.**

"The majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase *so long as* the products and alleged misrepresentations are substantially similar." *Brown v. Hain Celestial Group, Inc.*, 913 F.Supp.2d 881, 890 (N.D. Cal. 2012) (emphasis added) (collecting authority). Thus, for example, the plaintiff in *Trazo v. Nestle USA, Inc.*, 2013 WL 4083218 (N.D. Cal. Aug. 9, 2013), was not allowed to proceed with class allegations involving the claim "No Sugar Added" placed on various products sold by the food company Nestlé:

> A "No Sugar Added" claim . . . might be portrayed on different parts of the package, in different sizes, on wildly different products such as apple juice versus cheese, which would result in very different analysis to determine if the statements are false or misleading. All of Plaintiffs'

claims depend on such context-specific analysis, requiring information about the food composition or actual labels that is not presented here.  That information cannot be gleaned from what has been provided, which does not even include the names of the products but are mere "categories" of those products, such as those . . . "labeled or advertised with 'No Sugar Added' on food intended for use by infants less than two years of age."  Some of the products identified by these statements might not even be false or misleading, and so Plaintiffs cannot hope to limit their claims to only those who suffered the same or similar injury, caused by the same course of conduct by Nestlé.

2013 WL 4083218 at *13.

To establish standing, a plaintiff must "*plead [in her complaint]* sufficiently detailed facts that the non-purchased products are 'substantially similar' to the products for which [she has] standing." *Wilson v. Frito-Lay N. Am., Inc.*, 961 F.Supp.2d 1134, 1140-41 (N.D. Cal. 2013) (emphasis added).  Granting a motion to dismiss a class allegation for lack of standing, *Wilson v. Frito-Lay* gives a flavor of the amount of detail that is required:

In their [complaint], Plaintiffs simply provide a list of Non-Purchased Products, attach barely-legible labels . . . , and assert that these labels are unlawful or misleading.  This is not enough. . . .  The Court will not assume that each of these subtly different Products is like all the others.  To meet the plausibility standard of Rule 8, Plaintiffs have to say more, especially when they are asserting standing as to Products they did not purchase—otherwise their pleadings amount to unacceptably bare legal conclusions.  [citation to *Twombly* and *Iqbal*].  Plaintiff's . . . allegations about the Non-Purchased Products are not detailed or plausible enough to survive a motion to dismiss.  Plaintiffs' boilerplate claims as to the Non-Purchased Products are therefore DISMISSED.

961 F.Supp.2d at 1141-42.

There is of course nothing special, so far as standing goes, about a "Made in U.S.A." case.  *Oxina v. Lands' End, Inc.*, 2015 WL 4272058 (S.D. Cal. June 19, 2015), for example, involved a plaintiff who had purchased a necktie from the clothing company Lands' End.  Believing that the tie was improperly advertised as "Made in U.S.A.," the plaintiff sued for herself and "on behalf of all purchasers of

1  any Lands' End apparel."  2015 WL 4272058 at *1.  Lands' End moved to dismiss

2  from the complaint, for lack of standing, all claims to the extent they involved

3  products besides the tie.  *Id.* at *6.  The plaintiff responded "that the standing

4  analysis is really a 'question of typicality, which is inappropriate on a motion to

5  dismiss.'"  *Id.*  The court concluded that the standing issue was ripe for decision at

6  the motion-to-dismiss stage and before the class-certification stage.  *Id.*  The court

7  then concluded that the plaintiff lacked standing to complain about products she had

8  not purchased:

9              Plaintiff only refers to these other products as "apparel"
             even though the term "apparel" could conceivably
10            encompass hundreds, or even thousands of different types
             of products, including those presumably made of different
11            materials, and bearing different physical labels than the
             Necktie purchased by Plaintiff.  Without any factual detail
12            as to which "apparel" products Plaintiff refers, the Court
             cannot make a finding that the unpurchased products bear
13            any similarity to Plaintiff's Necktie.

14  *Id.* at *6.  The court granted the motion to dismiss "because [the plaintiff's] factual

15  allegations [we]re insufficient to establish standing."  *Id.*; see also *Alaei v. Kraft*

16  *Heinz Food Co.*, 3:15-cv-2961, Dkt. 22 at 5-6 (S.D. Cal. April 22, 2016) (dismissing

17  a "Made in U.S.A." class allegation for lack of standing where the court could not

18  "determine whether the unpurchased products [we]re sufficiently similar to [the

19  product the plaintiff purchased] to confer standing upon Plaintiff to seek class-wide

20  relief").

21        The issue of standing is not properly "deferred" to the class-certification

22  stage.  The plaintiff must appear to have standing at each stage of the case.  See

23  *Lujan*, 504 U.S. at 561.  "[B]efore a class can be certified, the named plaintiffs must

24  have standing individually to bring a claim that can survive a Rule 12(b)(6) motion

25  . . . , irrespective of the future class."  *Larsen v. Trader Joe's Clo.*, 2012 WL

26  5458396 *4 (N.D. Cal. June 14, 2012).  *Larsen* relies in part on *Lewis v. Casey*, 518

27  U.S. 343 (1996), which states:

28  / / /

CITIZENS OF HUMANITY, LLC'S MOTION TO DISMISS

> That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.

518 U.S. at 357; see also *Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) ("The district court correctly addressed the issue of standing before it addressed the issue of class certification.").

In order to sue—even on behalf of a putative class—for products she did not purchase, Hass must allege facts establishing the substantial similarity of the product she bought and the products she did not buy.

### 2.   <u>Hass Fails to Plead Standing to Sue For Products She Did Not Purchase.</u>

Hass never even *attempts* to establish the "substantial similarity" between the product she purchased (*Ingrid*-style jeans) and the other "apparel products" that she did not purchase but for which she wishes to assemble a class. As *Trazo v. Nestle* explains, a complaint must provide sufficient description of each product and of each label to render plausible an allegation that putative class members "suffered the same or similar injury, caused by the same course of conduct" by the defendant. *Trazo*, 2013 WL 4083218 *13. Hass does not even approach meeting this standard. (The evidence will show, in fact, that Hass does not even describe *Ingrid* jeans accurately. *Ingrid* jeans contain a qualified label—"Made in USA Imported Fabric"—that is not subject to section 17533.7. (See Dkt 42 at 11 (court order concluding that section 17533.7 "is silent on qualified labels").).)

Just as a "no sugar added" claim "might be portrayed on different parts of the package, in different sizes, [and] on wildly different products," *Trazo*, 2013 WL 4083218 at *13, a "Made in U.S.A." label might appear a different number of times, in different degrees of size and prominence, with different sets of qualifications, and on wildly different types of apparel. Hass refers to "other products as 'apparel' even

though the term 'apparel' could conceivably encompass hundreds, or even thousands[,] of different types of products, including those presumably made of different materials, bearing different physical labels" than the product Hass purchased.  *Oxina*, 2015 WL 4272058 at *6.  Hass fails to establish, therefore, that "the unpurchased products bear any similarity" to *Ingrid*-style jeans.[*] *Id.*

It is not enough, to establish "substantial similarity," simply to list the different products at issue, see *Trazo*, 2013 WL 4083218 at *13; *Wilson*, 961 F.Supp.2d at 1141-42; *Oxina*, 2015 WL 4272058 at *6—yet Hass fails to provide even a list.

Hass lacks standing to proceed, either for herself or for a class, as to products she did not purchase.  Her claims involving products other than Citizens of Humanity *Ingrid*-style jeans must be dismissed.

### C. Hass's Section 17200 Claim Cannot Survive The Failure of Hass's Section 17533.7 Claim.

Business and Professions Code section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice."

Hass bases her section 17200 claim entirely upon the statute's "unlawful" prong—more specifically, on her section 17533.7 claim.  Although she includes in her claim for relief lengthy assertions about "unfair" and "fraudulent" business practices (see Dkt 90 at 12-15, ¶¶ 46-58), the assertions are the purest boilerplate;

---

[*]  Not that it matters—at this stage it is for Hass to plead "substantial similarity," rather than for Citizens of Humanity to disprove it—but Citizens of Humanity indeed sells a wide array of "apparel products" (from jeans to jackets to jumpsuits), made of a wide array of materials (from denim to cotton to twill), that contain "Made in USA" labels of different size, prominence, number, and wording.  See Citizens of Humanity, www.citizensofhumanity.com (accessed May 12, 2016).  Moreover, the labels on Citizens of Humanity products include qualifications, such as "Made in USA of imported fabric," that render a product not subject to section 17533.7.  (See Dkt 42 at 11 (court order concluding that section 17533.7 "is silent on qualified labels")).

the complaint contains not one detail about how, not one reason why, Citizens of Humanity's alleged conduct is "unfair" or "fraudulent" *apart* from the fact that it allegedly violates section 17533.7.  An assertion of unspecified "fraud" or "unfairness" under section 17200 is a bare legal conclusion subject to dismissal under Rule 12(b)(6).  Accord *Alaei*, 3:15-cv-2961, Dkt 22 at 15-16 (dismissing section 17200 claim in light of failure of section 17533.7 claim and in absence of "factual detail" about alleged unfairness or fraud).  The assertion of a "fraudulent" business practice fails especially badly, for it must meet the heightened pleading standard of Rule 9(b).  See, e.g., *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL.").

In any event, allegations about wrongfulness separate from section 17533.7 would do Hass no good.  A plaintiff cannot sue under section 17200 for conduct "the Legislature has expressly declared . . . lawful in other legislation." *Cel-Tech Commc'ns v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 184 (1999).  "If . . . the Legislature [has] considered certain activity in certain circumstances and determined it to be lawful, courts may not override that determination under the guise of the unfair competition law." *Id.* at 183.

The only problem with Citizens of Humanity's *Ingrid* jeans asserted in Hass's complaint is the jeans' alleged unqualified "Made in U.S.A." statement.  If the only alleged problem with a product is that it contains an unqualified "Made in U.S.A." statement, the product is explicitly governed by section 17533.7, which explains in detail which unqualified "Made in U.S.A." statements are and are not acceptable. See Bus. & Prof. Code § 17533.7 (allowing a "Made in U.S.A." statement "if all of the articles, units, or parts of the merchandise obtained from outside the United States constitute not more than 5 percent of the final wholesale value of the manufactured product").  There can be no doubt that California's legislature considered certain activity (the selling in this State of products labeled "Made in

CITIZENS OF HUMANITY, LLC'S MOTION TO DISMISS

U.S.A."), that the legislature passed a law regulating that activity, and that the unfair-competition law cannot displace the balance struck in the legislature's law. So the only way Hass can plead a section 17200 claim is to plead an underlying section 17533.7 claim.

Our earlier analysis, establishing that Hass must plead a violation of the current section 17533.7, applies also here. "[C]onduct that may have been 'unlawful' at the time it occurred cannot be actionable under § 17200 if the statute or regulation is later amended before final judgment." Stern, *supra*, ¶ 5:145 (citing several of the cases, discussed above, on the amendment of a civil remedial statute).

Because Hass fails to plead liability under the present version of section 17533.7—that statute being the only basis, as well as the only possible basis, of Hass's assertion of unfair competition—Hass fails to plead liability under section 17200.

    **D.**    **Hass's Claim Under The Consumer Legal Remedies Act Fails.**

        **1.**    **Hass's CLRA Claim Cannot Survive The Failure of Hass's Section 17533.7 Claim.**

"The CLRA proscribes twenty-four 'unfair methods of competition and unfair or deceptive acts or practices.' Cal. Civ. Code § 1770." *McVicar v. Goodman Global, Inc.*, 1 F.Supp.3d 1044, 1055 (C.D. Cal. 2014). Like section 17200, the CLRA offers "general prohibitions" that cannot trump "specific requirements" in other laws. *Alvarez v. Chevron Corp.*, 656 F.3d 926, 934 (9th Cir. 2011) (concluding that the CLRA cannot render illegal conduct already governed by California's weights and measures regulations).

As we explained in the previous section, the only purported defect with the *Ingrid* jeans is the alleged presence of a "Made in U.S.A." statement expressly governed by section 17533.7. Hass cannot use assertions of the violation of a general standard (Civil Code § 1770) to plead around a specifically applicable law (Bus. & Prof. Code § 17533.7).

1    Because Hass's claim under section 17533.7 fails, her CLRA claim fails as
2    well.

3              **2.      <u>Hass Failed to Comply with the CLRA's Affidavit</u>
4                        <u>Requirement</u>.**

5    Hass does not seek money damages for herself or the putative class under the
6    CLRA.  (Dkt 90 at ¶ 43).  She can't seek such relief, because she has not complied
7    with the CLRA's notice rule.  The notice rule requires that the plaintiff, at least
8    thirty days before starting a lawsuit, notify the defendant of its alleged CLRA
9    violation and demand that the violation be remedied.  See, e.g., *Oxina*, 2015 WL
10   4272058 at *2-*4 (dismissing claim for damages under the CLRA for failure to
11   comply with the notice requirement); *Davis v. Chase Bank U.S.A., N.A.*, 650
12   F.Supp.2d 1073, 1088-89 (C.D. Cal. 2009) (same); *Laster v. T-Mobile USA, Inc.*,
13   407 F.Supp.2d 1181, 1195-96 (S.D. Cal. 2005) (same).

14   There is another CLRA requirement, however, that a plaintiff must comply
15   with even if she seeks no damages.  A plaintiff seeking an injunction or a
16   declaratory judgment under the CLRA must, "concurrently with the filing of the
17   complaint, . . . file an affidavit stating facts showing that the action has been
18   commenced in a county described [in the CLRA] as a proper place for the trial of
19   the action."  Civil Code § 1780(d).  The statute is explicit about the consequences of
20   omitting the affidavit:  "If a plaintiff fails to file the affidavit required by this
21   section, the court shall, upon its own motion or upon motion of any party, dismiss
22   the action without prejudice."  *Id.*

23   Hass has not included with her complaint the affidavit required by the CLRA.
24   Her CLRA claim must therefore be dismissed.  See, e.g., *McVicar*, 1 F.Supp.3d at
25   1055-56 (dismissing without prejudice for failure to comply with affidavit
26   requirement); *In re Apple & AT&T iPad Unlimited Data Plan Litigation*, 802
27   F.Supp.2d 1070, 1077 (N.D. Cal. 2011) (same).

28   / / /

1  **V.      <u>CONCLUSION</u>**

2          The motion should be granted, and the second amended complaint dismissed.

3

4  Dated:  May 19, 2016                    BROWNE GEORGE ROSS LLP
                                            Peter W. Ross
5                                           Keith J. Wesley
                                            Corbin K. Barthold
6

7                                    By         /s/  Corbin K. Barthold
                                                Corbin K. Barthold
8                                    Attorneys for Defendants Citizens of Humanity, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF CORBIN K. BARTHOLD

I, Corbin K. Barthold, declare:

1.      I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California.  I am an associate with the firm of Browne George Ross LLP, counsel of record for Defendant Citizens of Humanity, LLC, in this matter.  I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify to them.

2.      Attached as Exhibit A is a true and correct copy of Timothy Aeppel, *Chinese Nets and Bolts Ensnare Basketball Hoops in Litigation*, Wall St. J., Oct. 3, 2014, which article I obtained from the Wall Street Journal website on May 11, 2016.

3.      Attached as Exhibit B is a true and correct copy of the August 13, 2015, Senate Floor Analysis of SB-633, the bill that on January 1, 2016, amended Business and Professions Code section 17533.7.  I obtained this legislative history from the California government's official legislative information website, http://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201520160SB633#, on May 11, 2016.

4.      Attached as Exhibit C is a true and correct copy of Leslie A. Gordon, *California Falls in Line With The Rest of The Country When it Comes to 'Made in The USA' Labels*, ABA Journal, Jan. 1, 2016, which article I obtained from the ABA Journal's website on May 11, 2016.

Executed this 19th day of May, 2016, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


  /s/  Corbin K. Barthold
  Corbin K. Barthold

## <u>CERTIFICATE OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On May 19, 2016, I served true copies of the following document(s) described as **CITIZENS OF HUMANITY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; AND DECLARATION OF CORBIN K. BARTHOLD** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 19, 2016, at Los Angeles, California.

_____
Ana Z. Porcellino

-1-

## SERVICE LIST

***Louis Clark v. Citizen of Humanity, LLC, et al.***
**United States District Court, Southern District of California**
**Case No. 3:14-cv-01404-JLS-WVG**

| | |
|---|---|
| John H Donboli<br>Camille Joy Decamp<br>DEL MAR LAW GROUP, LLP<br>12250 El Camino Real, Suite 120<br>San Diego, California  92130<br>Telephone:   (858)793-6244<br>Facsimile:    (858)793-6005<br>Email:   jdonboli@delmarlawgroup.com<br>            cdecamp@delmarlawgroup.com | Attorneys for Plaintiff Coni Haas and<br>all others similarly situated |
| Shannon L. Hopkins<br>Nancy A. Kulesa<br>LEVI & KORINSKY LLP<br>733 Summer Street, Suite 304<br>Stamford, Connecticut  06901<br>Telephone:   (232) 363-7500<br>Facsimile:    (866-367-6510<br>Emails:   shopkins@zlk.com<br>            nkulesa@zlk.com | Attorneys for Plaintiff Coni Haas and<br>all others similarly situated |

CITIZENS OF HUMANITY, LLC'S MOTION TO DISMISS